In re the NATIONAL ASSOCIATION OF, PROFESSIONAL MARTIAL ARTISTS, INC., and International IKON, Inc., Debtors.

Bankruptcy No. 8:03–bk–18680–ALP. Adversary No. 8:03–bk–18679–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 18, 2006.

Chad S. Bowen, Lead Attorney, David S. Jennis, Jennis & Bowen, PL, Tampa, FL, for Debtors.

## ORDER ON CENTURY MARTIAL ART SUPPLY, INC.'S MOTION FOR RELIEF FROM STAY

(Doc. No. 694)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in these confirmed Chapter 11 cases of The National Association of Professional Martial Artists, Inc. and International IKON, Inc. (the Debtors) is Century Martial Art Supply, Inc.'s Motion for Relief from Automatic Stay (Doc. No. 694) (Century). In its Motion, Century seeks relief from the automatic stay for the limited purpose of liquidating its claim for attorney's fees in the United States District Court for the Western District of Oklahoma.

In order to place the Motion under consideration into proper focus, the events preceding the filing of this Motion, and particularly the events relevant which occurred in Oklahoma in the United States District Court and in this Chapter 11 case of NAPMA and IKON should be helpful.

On June 18, 2001, Century sued both Debtors in the State Court in Oklahoma. The suit was ultimately removed to the United States District Court for the Western District of Oklahoma, Case Number CIV–02–736–M. In due course the suit was set for trial, and on July 3, 2003, Century obtained a money judgment against both Debtors in the total amount of $1,943,948.00 based on compensatory damages. In addition, Century was awarded $32,500.00 in punitive damages plus interest allowed by law until paid.

On August 13, 2003, Century filed its Motion for Attorney Fees in the United States District Court for the Western District of Oklahoma. (Century's Exhibit B to Motion for Relief from Automatic Stay). On August 29, 2003, the Debtors filed a Notice of Appeal of the Judgment entered by the District Court. (Century's Exhibit D to Motion for Relief from Automatic Stay). On April 10, 2005, the United States Court of Appeals for the Tenth Circuit affirmed the Judgment of the District Court. (Century's Exhibit E to Motion for Relief from Automatic Stay).

On September 9, 2003, the Debtors filed their respective Petitions for Relief under Chapter 11. On January 24, 2005, this Court entered an Order and directed a joint administration of the two cases (Case No. 03–18680, Doc. No. 274). On January 31, 2005, this Court entered its Order and confirmed the Chapter 11 Plan of NAPMA and the Plan filed by IKON (Case No. 03–18680, Doc. No. 285).

On January 6, 2004, Century filed an unsecured proof of claim in each case in the amount of $1,976,448.00, plus undetermined post-petition attorneys' fees and interest. In due course, the Debtors filed an Objection to the allowance of the claims and on July 8, 2005, this Court entered an Order which Sustained the Objection in part and Overruled in part the Debtor's Objection to the Claims filed by Century, Claim No. 17 of NAPMA and Claim No. 9 of IKON and allowed the general unsecured claim in the amount of $ 1,976,448.00. The Order further provided that Century shall have only one single claim in the amount stated against the consolidated estates (Case No. 03–18680, Doc. No. 440). Although the Order failed to specify that the part of the claims of Century concerning attorney's fees and costs was disallowed, it is fair to assume that that was the intention of that particular Order. Be that

as it may, Century took no action to have the unliquidated claim for attorney's fees and costs liquidated, or at least to be estimated in order to be allowed pursuant to Section 502(c) of the Code. It was not until the United States District Court in the Western District of Oklahoma issued its Order to Show Cause to Century and ordered Century to proceed with concluding that lawsuit or the case would be closed did Century file a response in the lawsuit. In its response entitled "Advisement to the Court," Century stated that it "intended to press its motion for attorney fees once the automatic stay has been lifted." (Century's Exhibit C to Motion for Relief from Automatic Stay).

Thus, it appears from the foregoing that the events in the United States District Court in the Western District of Oklahoma triggered the present Motion in which Century seeks "relief from the stay" in order to liquidate its claim for attorney fees and costs in Oklahoma.

It should be noted at the outset that the Motion before this Court is improper, facially defective and cannot be considered for the simple reason that with the entry of the Order of Confirmation the automatic stay was terminated. There is no longer an automatic stay in operation from which relief could be granted. Treating the Motion as an indirect request for leave to liquidate the unliquidated claim for attorney fees and costs is equally without merit and should be denied for the following reasons.

First, all assets of these two Debtors have been sold and, ironically, the purchaser was Century. Century never sought a reconsideration or clarification of the July 28, 2005, Order. The administration of these consolidated Chapter 11 cases are all but concluded with the exception of litigation with the former principal of the Debtor. To permit Century to liquidate its

claim for attorney's fees at this late stage will not only further delay the administration of the estate, but would impose additional expenses on the estate for attorney fees to litigate the amount of attorney fees sought in Oklahoma. In addition, it would be prejudicial to the unsecured creditors holding unsecured claims who under the Plan were entitled to share pro rata in the remaining proceeds from the sale of the assets of the Debtors, which is the only source of funds available to consummate this confirmed Plan, with Century. Therefore, to permit Century now to participate in the distribution of those funds would substantially dilute the recovery of the unsecured creditors holding timely filed allowed unsecured claims.

For the reasons stated, this Court is satisfied that the Motion for Relief from Stay treated as a Motion for Leave to Liquidate an Unliquidated Claim should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Relief from Stay (Doc. No. 694) be, and the same is hereby, treated as a Motion to Liquidate an Unliquidated Claim. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Liquidate an Unliquidated Claim be, and the same is hereby, denied.

DONE AND ORDERED.